CRUMLEY, Appellant, v. WESTERN UNION. TELEGRAPH CO., Inc., Respondent

(12 N. W.2d 13.)

(File No. 8559. Opinion filed December 3, 1943.)
Rehearing Denied February 23, 1944.

**Charles Lacey,** of Sioux Falls, for Appellant.

**Francis R. Stark,** of New York City, and **Bailey, Voorhees, Woods & Bottum** and **T. M. Bailey,** all of Sioux Falls, for Respondent.

POLLEY, J.  Plaintiff brought this action to recover damages for his arrest and confinement in the Minnehaha County jail.  The case was tried to a jury.  At the close of plaintiff's evidence, defendant moved for a directed verdict. This motion was denied, and the motion was renewed and again denied at the close of all the evidence.  The case was submitted to the jury, which returned a verdict in a substantial amount for plaintiff.  Defendant then moved for a judgment n. o. v.  This motion was granted and judgment entered dismissing plaintiff's complaint, and from this judgment plaintiff appeals.

On the 30th day of July, 1938, plaintiff was convicted in a criminal action for desertion of and failure to support his wife, Mrs. William E. Crumley, and their two minor children.  At the close of the trial the court, without pronouncing sentence, entered an order placing plaintiff on probation, allowing him his liberty so long as he complied with certain conditions of the order of probation.  Principal of these conditions was that he pay to the probation officer, Mr. Jesse L. Dougherty, who was also the county attorney for Platte County, Nebraska, $50 per month for the benefit of his wife and children.  The prosecution took place in Platte County, Nebraska, but plaintiff went to Sioux Falls, South Dakota, where he secured employment as an automobile salesman, and for about a year he sent his wife the equivalent of $50 every month, although he never sent her as much as $50 at any one time, and he generally sent the money directly to his wife and not to said probation officer as the order of probation directed him to do.

On the 1st day of September, 1939, plaintiff delivered

to defendant the sum of $15, which defendant agreed to immediately transmit to plaintiff's wife by wire at Columbus, Nebraska, and paid defendant 52 cents for the transmission thereof. Plaintiff did not write to nor otherwise notify his wife that he had sent her any money, and defendant did not deliver the same on the 1st day of September, nor at all until the 18th day of November, 1939. On the 17th day of September, plaintiff received a letter from his wife, which said in part: "No word from you yet Crum—what on earth do you think these kids are going to do—starve to death. It's just terrible. I just can't understand you. I must have $25.00 at once. * * * If $25 isn't here by Mon. I'll just have to have something done. I cannot go any longer." I don't want to have anything done—but will be forced to Mon. * * * Thot if I sent it special you'd get it yourself at your home in the A.M. but for goodness sake send $25 Monday. I must have it. I haven't had anything to eat for 2 days. What little I can scrape together I give to the kids, but tomorrow there won't be much to scrape together."

On reading said letter plaintiff immediately called his wife over the long distance telephone and had a conversation with her, part of which he narrated as follows: "I told her to sell all the furniture there that it didn't pay to move it and to come on up and so well she wouldn't talk at all and she said she had to have money and had to have it right then and I told her I didn't have any and couldn't get any and I said that is all I got and she said, 'if you don't send me money by tomorrow I will send the Sheriff after you.'"

The plaintiff further testified that in the course of this conversation he said nothing to the effect that he was fully paid to date, or as to how much money, or the payments he had sent her in September, 1939, and that his wife said nothing as to what payments she had received. He testified that he did not tell his wife that if she didn't sell the furniture and come to Sioux Falls, that he was not going to send her any more money. Mrs. Crumley reported

this telephone conversation to the probation officer, and on the 20th day of September, 1939, he filed a verified complaint in the County Court of Platte County, Nebraska, in which he informed the court that plaintiff had failed to comply with the conditions of his parole, and was then a fugitive from justice of the State of Nebraska, and asked that a warrant be issued for the arrest of plaintiff and that he be brought before the court for violating his parole; that his parole be revoked and that he be dealt with according to law. Upon the filing of said complaint, such warrant was issued and such proceedings were had thereon that plaintiff was arrested and confined in jail in Minnehaha County, South Dakota, where he was detained for a period of three weeks, and it is for the recovery of alleged damages caused to plaintiff by such arrest and detention that this action is brought.

Plaintiff claims that his arrest and detention in jail in Minnehaha County was caused by the failure of the defendant to promptly deliver the $15 that was paid to defendant by plaintiff for that purpose on the 1st day of September, 1939. But obviously the failure to deliver said $15 to Mrs. Crumley on the 1st day of September is not the proximate cause of plaintiff's arrest. The warrant for the arrest of plaintiff was issued for causes set out in the complaint, to wit: The failure of plaintiff to comply with the conditions of the order admitting plaintiff to parole. The failure to pay to Mrs. Crumley said $15 was not mentioned in said complaint, nor reference made thereto in any way. Mrs. Crumley not knowing that any attempt had been made to send her the money, she could not notify him of the failure of the money to reach her, so defendant's failure to promptly transmit said sum of money could not have been the cause of plaintiff's arrest or detention in jail. Plaintiff having failed to make out his case at the close of his testimony, defendant's motion for a directed verdict should have been granted.

The judgment appealed from is affirmed.

All the Judges concur.